# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CA-00368-COA

SEL BUSINESS SERVICES, LLC AND SKIP LLOYD                              APPELLANTS

v.

WILBURN LORD, JR., SHARKEY COUNTY, MISSISSIPPI, ISSAQUENA COUNTY, MISSISSIPPI AND SHARKEY-ISSAQUENA COMMUNITY HOSPITAL                              APPELLEES

DATE OF JUDGMENT:          03/02/2021
TRIAL JUDGE:          HON. JAYE A. BRADLEY
COURT FROM WHICH APPEALED:          SHARKEY COUNTY CHANCERY COURT
ATTORNEY FOR APPELLANTS:          C. W. WALKER III
ATTORNEYS FOR APPELLEES:          FRANK J. DANTONE JR.
          JOHN P. SNEED
          CHARLES EDWARD COWAN
          EDWARD D. LAMAR
NATURE OF THE CASE:          CIVIL - REAL PROPERTY
DISPOSITION:          AFFIRMED - 06/07/2022
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.    A company entered into a handshake deal with a doctor for the purchase of a building and property.  The business began to make improvements to the building.  But the doctor then sold it to a hospital.  The business sued to reclaim the property and in the alternative claimed the doctor would be unjustly enriched.  The trial court found that the agreement failed under the statute of frauds, and therefore the equitable remedy of unjust enrichment was not available.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In November 2019, SEL Business Services LLC and its manager Skip Lloyd entered into an oral agreement with Dr. Wilburn Lord, Jr.  SEL agreed to purchase property located at 64 South 4th Street in Rolling Fork, Mississippi, for $60,000.

¶3.     Based on this promise, SEL "moved into and began to do business" in a building on the property.  According to SEL's lawyer, over the next eight months, SEL paid the taxes and utilities on the building, installed a new air conditioning unit, and rewired the building among other updates and maintenance.

¶4.     The parties never reduced their oral agreement to a writing.  SEL never made any payments to Dr. Lord for the property.  Nor was there a written lease between the parties.  SEL later admitted there was no "one document, sole document, that purported to be a written contract."

¶5.     Despite SEL's presence in the building, Dr. Lord negotiated to sell the property to Sharkey and Issaquena Counties for the benefit of the Sharkey-Issaquena Community Hospital.  Once aware of the negotiations, SEL filed a petition for injunctive relief against Dr. Lord, who, on the date of filing, was still the record owner of the property.  Particularly, SEL asked "the Court [to] disgorge all funds paid to Defendants and/or otherwise award all monetary damages available under Mississippi law."

¶6.     The day after SEL filed this petition, Dr. Lord sold the property to the two counties for $110,000.  Five days later, SEL filed a lis pendens in the land records, giving notice of its lawsuit.

¶7.     In July 2020, the Counties sent SEL a letter asking it to vacate the premises within one week.  Attached to this letter was the warranty deed conveying the property from Dr. Lord to the Counties.  A few days later, SEL amended its petition to add both the Hospital and the two Counties as defendants.  The Counties responded to the petition, stating, "[A]ny agreement the Plaintiffs might have had to purchase the property was and is invalid, nonbinding and unenforceable" because there was no written contract.  Two days later, Dr. Lord responded, "[T]he alleged contract to purchase the property was oral; and as such, was not a valid contract under the Statute of Frauds."[1]

¶8.     Both the Counties and Dr. Lord moved for summary judgment, but SEL never responded to either motion.  The chancery court then conducted a hearing.  No evidence was presented at the hearing; however, the Court accepted all factual statements of SEL as true.

¶9.     At the hearing, counsel for SEL stated it was "out of the building.  Everything is out of the building."  SEL "no longer [sought] possession of the property."  Instead, the remaining claim was for "equitable reimbursement of the money they put into the building . . . almost total[ing] $80,000."

¶10.    The chancery court then inquired into SEL's request:

| THE COURT: | [A]re you saying that you're relying on some type of promise – I'm not sure. |
|---|---|
| [COUNSEL FOR SEL]: | Well, in reliance on the promise of the sale of the property made by Dr. Lord . . . . SEL put money into the building.  They paid the taxes on the building; they paid the utilities on the building; they put new |

---

[1] SEL was later evicted from the property in a separate proceeding in justice court.

3

air conditioning in the building; they leveled the floors in the building; they took out a tree that was affecting the foundation and rewired the building.

¶11. Despite SEL's alleged investment in the property, the chancellor granted summary judgment in favor of both defendants. The trial court found the agreement between the parties was unenforceable under the statute of frauds, declaring from the bench:

[T]he . . . sale of land has to be in writing. That is just clear. And I think that the alleged oral contract fails under the statute of frauds, and any equitable remedy, estoppel, lien it's going to fail, too, for the same reasons.

¶12. Aggrieved, SEL appeals.

## STANDARD OF REVIEW

¶13. "We review the grant or denial of a motion for summary judgment de novo[.]" *Lefler v. Wasson*, 295 So. 3d 1007, 1009 (¶7) (Miss. Ct. App. 2020). "If, upon review of all pleadings, depositions, interrogatory answers, and admissions on file, there is no genuine issue of material fact, summary judgment in favor of the moving party is proper." *Alfonso v. Gulf Pub. Co.*, 87 So. 3d 1055, 1060 (¶15) (Miss. 2012); *See* MRCP 56(c). "All evidentiary matters must be viewed in the light most favorable to the nonmoving party." *Alfonso*, 87 So. 3d at 1060 (¶15). "A grant of summary judgment will be upheld only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Id*. (internal quotation marks omitted).

## DISCUSSION

¶14. SEL argues the trial court erred in holding that the underlying contract for the sale of

4

real property was unenforceable under the statute of frauds. SEL also argues the equitable remedy of unjust enrichment should have been applied.

¶15. "An equitable lien is the right by which a creditor is entitled to obtain satisfaction of his debt by resort to specified property belonging to the debtor when it is clear that the debtor intended to create an encumbrance." *Barriffe v. Est. of Nelson*, 153 So. 3d 613, 620 (¶36) (Miss. 2014). "But an equitable lien is not appropriate to enforce a contract that otherwise fails to meet the requirements of the statute of frauds." *Id*. at 620-21 (¶36). "Under Mississippi's statute of frauds, contracts involving the transfer of real property must be in writing." *Id*.

¶16. Here, it is undisputed that the parties never reduced the contract for the sale of the Rolling Fork property to writing. Therefore, pursuant to the statute of frauds, the agreement was and is invalid. *See White v. White*, 325 So. 3d 666, 671 (¶16) (Miss. Ct. App. 2019) (affirming that mother could not recover on a demand for her son to transfer title to land to her, even though she had paid the note, because the contract was never reduced to writing).

¶17. The *Barriffe* decision also controls the result as to equitable estoppel. In that case, the plaintiffs' home was destroyed after Hurricane Katrina. *Barriffe*, 153 So. 3d at 616 (¶8). A family member allowed the couple to move into an apartment on their land. *Id*. In reliance on the promise to convey the property, the couple made substantial improvements totaling nearly $73,000. *Id*. Several years later, the couple asked the family member to deed the property to them as promised; the family member refused, so the couple sued. *Id*. Specifically, the plaintiffs sought to enforce an equitable lien on the family member's

5

property for the value of the improvements. *Id*.

¶18.   The Supreme Court ultimately ruled that the couple was not entitled to an equitable lien on the property because there was no written agreement. *Id*. at 620 (¶35). The Court further reasoned that because the couple had made improvements to land they knew belonged to the family member, they did not "qualify for the protection granted to those who have a good-faith–though mistaken–belief that they were making improvements to their own land." *Id*.; *see White*, 325 So. 3d at 671 (¶16) (finding that a lien against property was improper when the contract violated the statute of frauds).

¶19.   While SEL cites other cases that predate the *Barriffe* decision, the case at bar is almost identical to *Barriffe*. Even the amount requested by SEL, about $80,000, is near the amount requested in *Barriffe*. Despite the approximate eight months between SEL occupying the property and Dr. Lord selling the property to the Counties, the parties never reduced their oral contract to a writing. SEL had no deed to the property, nor did SEL make any payments to Dr. Lord that would have given the impression it owned the property. Also, no evidence was presented that SEL ever sought to close on the transaction. Although SEL made improvements to the land, it was never under the mistaken belief that the property actually belonged to SEL. At all times, SEL knew the property belonged to Dr. Lord. Just as the Supreme Court ruled in *Barriffe*, the statute of frauds applies, and the equitable remedy of unjust enrichment is unavailable.

## CONCLUSION

¶20.   We find that because the oral contract between SEL and Dr. Lord fails under the

statute of frauds, the equitable remedy of unjust enrichment is unavailable.  We affirm the

trial court's ruling granting summary judgment to Dr. Lord, the Counties, and the Hospital.

¶21.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, SMITH AND EMFINGER, JJ., CONCUR.**